# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DARRICK D. JOHNSON,**
    **Plaintiff,**

    v.                                                     Case No. 14-CV-582

**MILWAUKEE COUNTY SHERIFFS DEPARTMENT,**
    **Defendant,**

---

## DECISION AND ORDER

Plaintiff, Darrick D. Johnson, who is incarcerated, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $5.00. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

2

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was arrested on June 26, 2012, and he was due to be released from the Milwaukee County Jail on June 29, 2012. Instead of being released, plaintiff was taken to "Jail Mental Needs" to be searched for illegal drugs. He was given a shot and strip-searched. No drugs were found. Nevertheless, plaintiff was placed in a cell with feces and urine on himself and left there for nine days. He was finally released "with a lot of unpleasant problems," and then sought treatment at a hospital. (Complaint at 3, ECF 1). After that, he noticed that he began to drink heavily in order to sleep at night.

Plaintiff asserts that he was wrongfully incarcerated for twelve days. He suggests that this was due to the actions of a Captain in the Seventh District of the Milwaukee Police Department, who chose to arrest plaintiff even though plaintiff's parole or probation agent (Sandra Jackson) told the police not to arrest plaintiff. He also suggests that a correctional officer at the Milwaukee County Jail chose to not release him, though it is unclear why he was taken to mental needs, where he was injected with a medication, searched, and asked about drugs. Plaintiff seeks compensation for his injuries and assurance that this will not happen to anyone again.

The primary problem with plaintiff's complaint is that he has not named as defendants those individuals he believes are responsible for any constitutional violation. The only defendant plaintiff has named is the Milwaukee County Sheriff's Department, but the Sheriff's Department is not a suable entity under § 1983. Best v. Portland, 554 F.3d 698 (7th Cir. 2009). And plaintiff has not pleaded any policy claims against Milwaukee County. To establish liability by Milwaukee County, plaintiff must show that he was

3

deprived of a federal right as a result of an express municipal policy, widespread custom, or deliberate act of a decision maker for Milwaukee County, which proximately caused his injury. Davis v. Carter, 452 F.3d 686, 691 (7th Cir. 2006) (citing Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978)).

I will give plaintiff an opportunity to file an amended complaint naming those individuals he believes are responsible for the constitutional violations. I also suggest that plaintiff provide additional details regarding his claims and the involvement of the individuals he named in the alleged constitutional deprivations.

If plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **Friday, January 16, 2015**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Friday, January 16, 2015**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Superintended of the Milwaukee County House of Correction shall collect from plaintiff's prisoner trust account the $ 345.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Superintendent of the Milwaukee County House of Correction.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge