UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRICK D. JOHNSON,

              Plaintiff,

v.                                            Case No. 14-cv-582-pp

JOHN DOE, *et al.*,

              Defendants.

## DECISION AND ORDER SCREENING
## AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A

    Darrick Johnson, an inmate at the Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983. The court previously had granted Mr. Johnson leave to proceed *in forma pauperis*, and had ordered him to file an amended complaint. On April 6, 2015, as ordered, Mr. Johnson filed an amended complaint that provides additional details regarding his claims, as well as his attempts to identify the individuals he believes are responsible for the alleged constitutional violations.

    The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

    The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous

1

when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes used as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The

2

complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the amended complaint, Mr. Johnson was an inmate at the Milwaukee County Jail beginning on June 26, 2012, for approximately one to two weeks (Mr. Johnson's amended complaint is unclear on when the events he alleges ended). The defendants are various John and Jane Does with the Milwaukee County Police Department and the Milwaukee County Jail.

3

Mr. Johnson begins by alleging that two captains from the 5th and 7th Districts of the Milwaukee Police Department (Jane Doe #1 and John Doe #1) "wrongfully stopped" him; however, he provides no factual basis for this conclusion. He notes only that the captains gave him two tickets (without specifying the substance of the tickets) and then arrested him pursuant to a warrant from Chicago. Mr. Johnson does not allege that such a warrant did not exist, or that it was not valid. Mr. Johnson's legal conclusions (that he was wrongfully stopped and/or arrested) are not sufficiently supported by factual allegations, and therefore he fails to state a claim against the unidentified Milwaukee Police Department captains. The court will dismiss Jane Doe #1 and John Doe #1 without prejudice. If Mr. Johnson so chooses, he may submit a second amended complaint further developing his alleged claims against Jane Doe #1 and John Doe #1 and providing facts explaining to these defendants why he believes that the stop and subsequent arrest violated his constitutional rights.

Mr. Johnson's claims against unidentified Milwaukee County Jail employees fare better. According to the amended complaint, Mr. Johnson was to be released from the Milwaukee County Jail on June 29, 2012. He claims that defendant Jane Doe #2 (the releasing officer) called his name several times but that he was asleep and did not hear her. Mr. Johnson alleges that Jane Doe #2 did not attempt to find him, but that later, different officers looked through Mr. Johnson's cell and patted him down. Mr. Johnson claims that he heard other officers telling Jane Doe #2 to "do her job" and "stop playing

4

around," so Mr. Johnson cleared his bed sheets in preparation for his release. (Compl. at 2, Docket #1.) Defendant John Doe #2 (an on-duty officer) then told Mr. Johnson he "wasn't going [nowhere]," after which Mr. Johnson requested to speak to a lieutenant. (*Id.*)

Mr. Johnson alleges that defendant Jane Doe #3 (a social worker) spoke to him, asking why he was upset. Mr. Johnson explained that someone was "playing with [his] release." (*Id.*) A few minutes later, two officers and a lieutenant allegedly handcuffed Mr. Johnson (on Jane Doe #3's orders) and escorted him to "mental need" where they laid him on a bed with no sheets and turned off his water. Mr. Johnson says he fell asleep, and that someone whom he doesn't identify came in while he was asleep and that he didn't feel "them stick me with the needle." He woke up "a few days later in a daze not [knowing] where [he] was," with his anal region sore. (*Id.* at 3.)

Mr. Johnson alleges that defendant John/Jane Doe #4 (supervising officers) ordered him to be held for as many as eleven days beyond his release date (again, the amended complaint is not clear on when the jail finally released him). Eventually, officers placed Mr. Johnson in a cell, where he an "older white lady" asked him about the location of drugs; he responded that he didn't know what she was talking about, despite her repeated inquiries. Mr. Johnson alleges that "they" turned off the water to his cell, again poked him with a needle, and then turned his water back on only briefly after he begged them to do so. After another couple of days, Mr. Johnson signed papers to be

5

released, after which officers gave him new clothes and let him take a shower before releasing him.

Mr. Johnson alleges he went to two different hospitals to try and identify "what they [shot] [him] up with," but all tests were negative. (*Id.* at 4.)

Mr. Johnson's §1983 claims against various John and Jane Does of the Milwaukee County Jail implicate the 14th Amendment's due process clause. Mr. Johnson was a pretrial detainee—his arrest occurred pursuant to a warrant—but the period of detention about which he complains took place prior to any trial or conviction. This court finds that Mr. Johnson may proceed with his claims that Jane Doe #2 (releasing officer), John Doe #2 (on-duty officer), and John/Jane Doe #4 (supervising officers) unlawfully detained Mr. Johnson beyond his release date. In addition, Mr. Johnson may proceed with his claim that Jane Doe #3 (social worker) unlawfully detained Mr. Johnson by ordering him to be transferred to "mental needs" in spite of his already having been designated for release, and by forcibly medicating Mr. Johnson without his knowledge or permission. Finally, Mr. Johnson may proceed with his claims that John/Jane Doe #4 (supervising officers) subjected him to unconstitutional conditions of confinement when they turned off the water to his cell.

Because Mr. Johnson currently can't identify any of the Doe defendants, this Court will give Mr. Johnson a period of thirty (30) days from the date of this order to conduct limited discovery. By "limited," the court means that Mr. Johnson may ask the Milwaukee County Corporation Counsel's office for the

names of any individuals who were involved in detaining, supervising, caring for, treating or releasing Mr. Johnson between June 26, 2012 and the date of Mr. Johnson's release from the jail (a date he should supply to corporation counsel). Mr. Johnson must send his request for this information to Paul Bargren, Corporate Counsel for Milwaukee County. The court will order Milwaukee County to respond to Mr. Johnson's requests within thirty (30) days of receiving the requests. After Mr. Johnson learns the names of the Doe defendants, he should file a motion asking the court to substitute the proper names for the Doe defendants.

Pursuant to the amended complaint, the court **ORDERS** the Clerk of Court to revise the caption of this matter to: *Darrick D. Johnson, plaintiff, v. Jane Doe (Releasing Officer), John Doe (On-Duty Officer), Jane Doe (Social Worker), and John/Jane Doe (Supervising Officer(s)), Defendants.*

The court **DISMISSES** defendants Jane Doe #1 and John Doe #1 (the arresting officers from the 7th and 5th Milwaukee Police Department districts), without prejudice.

The court **ORDERS** that, within thirty (30) days of the date of this order, the plaintiff shall serve limited discovery requests upon Paul Bargren, Office of Corporation Counsel for Milwaukee County, 901 N. 9th Street, Suite 303, Milwaukee, WI 53233-1425. The plaintiff is limited to asking questions designed to reveal the identities of the Milwaukee County Doe defendants. If the plaintiff does not request this information in a timely fashion, it will affect his ability to conduct his lawsuit.

The court **ORDERS** that, if the plaintiff does serve his limited discovery requests within the thirty days described above, Milwaukee County shall respond to those requests within thirty (30) days of the date corporation counsel receives the requests.

The court will send copies of this order to the Milwaukee County Sheriff, to the Milwaukee County corporation counsel, and to Maricela Castillo and Mary Wenten at the Milwaukee County House of Corrections.

Dated at Milwaukee this 11th day of May, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court Judge**