UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**DARRICK D. JOHNSON**,

        Plaintiff,

v.                                       **Case No. 14-cv-582-pp**

**JOHN DOE**, *et al.*,

        Defendants.
_____

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION TO SUBSTITUE THE PROPER NAMES FOR THE DOE DEFENDANTS (DKT. NO. 24) AND DENYING THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (DKT. NO. 25)**
_____

Darrick Johnson, an inmate at the Milwaukee County House of Corrections, filed a *pro se* complaint under 42 U.S.C. §1983, which the court screened on May 11, 2015. Dkt. No. 14. In that order, the court instructed the plaintiff to conduct limited discovery to identify the proper names of the Doe defendants listed in the plaintiff's complaint. On December 23, 2015, the plaintiff filed a motion to substitute the proper names for the Doe defendants. Dkt. No. 24.

In its May 11, 2015 screening order, the court allowed the plaintiff to proceed on his claims against Jane Doe #2, the releasing officer; John Doe #2, the on-duty officer; Jane Doe #3, the social worker; and John/Jane Doe #4, the supervising officer(s). Dkt. No. 14 at 6. These are the only defendants against whom the plaintiff has stated a claim. In his motion to substitute, the plaintiff

identifies Jane Doe #3, the social worker, as Joy Parks. Dkt. No. 24. The court grants the plaintiff's motion to substitute Joy Parks for Jane Doe #3.

However, the court denies the plaintiff's motion with regard to Jane Doe #2, John Doe #2, and John/Jane Doe #4. In his motion, the plaintiff provides a list of nine names, whom he characterizes as "Releasing officer and supervising officer, correction officers." Dkt. No. 24 at 1. It is unclear to the court which name the plaintiff intends to substitute for which Doe defendant. The plaintiff must specify the proper name of Jane Doe #2 (the releasing officer), the proper name of John Doe #2 (the on-duty officer), and the proper name(s) of John/Jane Doe #4 (the supervising officers) by **January 25, 2016**. The court will not guess which name goes with which position, and the defendants are entitled to know which allegations are made against each of them specifically.

Further, the plaintiff does not state claims against the "commander of the jail" or the officers that generally "worked in the pod in which the plaintiff was housed." Dkt. No. 24. The court is unsure why the plaintiff included these individuals in his motion to substitute, but to the extent the plaintiff is asking to add these people as new defendants, the court denies his request.

On December 30, 2015, the plaintiff filed a motion asking the court to appoint counsel to represent him. Dkt. No. 25. The plaintiff states that he lacks the funds to hire counsel on his own, and says that, although he has spoken to a number of attorneys, they all have declined to take his case. Id.

A court has discretion in a civil case to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th

Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). A person must make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, to demonstrate a "reasonable effort," a person must tell the court the names of at least three attorneys who he asked to represent him and provide the dates of the contact and, if available, the attorney's response. After a plaintiff demonstrates he has made a reasonable attempt to hire counsel, the court will then decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff appears to have satisfied the first step in the process set forth above. But there are two steps to the process, and the second step requires the court to determine whether the case is so complex that the plaintiff cannot represent himself at this stage. The court concludes that the plaintiff's claims are not complex; they relate to how he was treated by the

defendants and the conditions of his confinement. The plaintiff's claims turn on his personal knowledge and, perhaps, reports or other documents that substantiate the parties' assertions. The plaintiff has presented his allegations in a manner that the court can understand; he has conducted limited discovery to identify the names of unidentified Doe defendants; and he has followed the instructions of this court. The court concludes that the plaintiff is competent to handle the initial stages of litigation on his own. At this point, all the plaintiff has to do is specifically indicate which of the names he listed belongs with which position of the Doe defendants he listed in the original complaint. The plaintiff has the information and ability to do this on his own.

The court **DENIES** the plaintiff's motion for the appointment of counsel (Dkt. No. 25).

The court **GRANTS** in part and **DENIES** in part the plaintiff's motion asking the court to substitute the proper names for the Doe Defendants (Dkt. No. 24). The court **ORDERS** the clerk of court to revise the caption of this case to reflect that the proper name of Jane Doe (Social Worker) is Joy Parks.

The court further **ORDERS** the plaintiff to file a motion to substitute the proper names for the remaining Doe defendants, and to specifically identify each Doe defendant, no later than **Monday, January 25, 2016**. If the plaintiff does not specifically identify the remaining Doe defendants by the deadline, the court may dismiss his claims against those defendants for the failure to prosecute, pursuant to Local Civil Rule 41(c).

4

The court further **ORDERS** that pursuant to the informal service agreement between Milwaukee County and this court, the clerk of court will electronically send copies of the plaintiff's complaint and this order to Milwaukee County for service on Joy Parks.

The court also **ORDERS** that, pursuant to the informal service agreement between Milwaukee County and this court, Joy Parks shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

Dated in Milwaukee this 11th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

5

Case 2:14-cv-00582-PP   Filed 01/11/16   Page 5 of 5   Document 26