UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DARRICK D. JOHNSON**,

    Plaintiff,

v.

**Case No. 14-cv-582-pp**

**KRISTI KENDRIX, et al.,**

    Defendants.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43), GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 46), AND ALLOWING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

  Plaintiff Darrick D. Johnson, who is representing himself, was incarcerated at the Milwaukee County Jail from June 26, 2012, through July 7, 2012. On May 11, 2015, the court screened the plaintiff's amended complaint under 28 U.S.C. §1915A and permitted him to proceed on claims that various Doe defendants unlawfully detained him in a "mental needs" unit beyond his release date, forcibly medicated him, and subjected him to unconstitutional conditions of confinement when they turned off the water in his cell. Dkt. No. 14.

  On January 11, 2016, the court granted the plaintiff's motion to substitute defendant Joy Parks for one of the Jane Does, dkt. no. 26, and on February 10, 2016, the court granted the plaintiff's motion to substitute defendants Kristi Kendrix, Daniel Brodsky, and Gregory Bacon for the

remaining John/Jane Does, dkt. no. 31. On June 29, 2016, the plaintiff filed a motion for summary judgment, dkt. no. 43, and on July 18, 2016, the defendants filed a motion for summary judgment, dkt. no. 46. Those motions are fully briefed and ready for the court's decision.

I.   **FACTS**[1]

The Milwaukee County Police Department arrested the plaintiff on June 26, 2016, based on an active warrant for his arrest from the Chicago Police Department. Dkt. No. 48, ¶¶28, 29. The plaintiff was booked into the Milwaukee County Jail that same day under the name Derrick D. White. Id. at ¶32.

At that time, the Milwaukee County Sheriff's Department employed defendant Gregory Bacon as a corrections captain. Id. at ¶36. He was one of a number of captains on duty during the times the plaintiff was incarcerated at the Jail. Id. at ¶37. Defendant Bacon was not personally involved in the plaintiff's booking process, in any decisions relating to the conditions of his confinement, or in any decision relating to the plaintiff's release from Jail. Id. at ¶¶39, 40, and 41. In fact, defendant Bacon never met the plaintiff, and the plaintiff never expressed any concerns to defendant Bacon about the conditions of his confinement or his release from the Jail. Id. at ¶42.

---

[1] The court takes the facts from the "Defendants' Proposed Findings of Fact in Support of Defendants' Motion for Summary Judgment." (Dkt. No. 48). The plaintiff did not respond to the defendants' proposed facts, so those facts are deemed admitted for the purpose of deciding summary judgment. Civ. L. R. 56(b)(4). The plaintiff did not file any affidavits or declarations in support of his motion for summary judgment, nor did he file a sworn complaint.

2

The Milwaukee County Sheriff's Department employed defendant Daniel Brodsky as a correctional officer during the same period; he also was a member of the Correctional Emergency Response Team (CERT). Id. at ¶44. On June 30, 2016, defendant Brodsky responded to the Special Needs Pod and observed the plaintiff covered in feces, foaming at the mouth, eyes fluttering and sweating. Id. at ¶46. Defendant Brodsky, among others, assisted the plaintiff with a shower, gave him fresh linen, clothing and a clean cell. Id. at ¶¶47, 48. His interactions with the plaintiff were limited to the assistance he provided the plaintiff while he was on the Special Needs Unit. Id. at ¶55.

The MCSD employed defendant Kristi Kendrix as a correctional officer at the relevant time. Id. at ¶56. On July 7, 2012, defendant Kendrix was assigned the duty of releasing officer. Id. at ¶57. A releasing officer does not decide who to release from the Jail. Id. at ¶61. A releasing officer releases an inmate into the community after the records department provides the proper paperwork. Id. at ¶¶59, 60. As the releasing officer, defendant Kendrix did not know which inmates were to be released until after she received the proper paperwork. Id. at ¶63. On July 7, 2012, the records department provided defendant Kendrix paperwork indicating that the plaintiff was to be released. Id. at ¶64. Defendant Kendrix processed the paperwork, and released the plaintiff that same day. Id. at ¶65.

Defendant Joy Parks is a psychiatric social worker, working at the Jail at the relevant time. Id. at ¶69. She is not authorized to make decisions regarding the administration of medication to inmates, nor does she make decisions

regarding the release of inmates from the Jail. Id. On June 28, 2012, she was paged to pod 3A following a report that the plaintiff was exhibiting bizarre behavior. Id. at ¶66. After meeting with the plaintiff, she requested that he be transferred to the Special Needs Unit for observation. Id. at ¶68.

According to Jail logs, the plaintiff's water was turned off (it is unclear by whom) on July 5, 2012, at 11:15 p.m., because the sink faucet was running continuously and the sink was about to overflow. Dkt. 54-1 at 6. The logs do not indicate when the water was turned back on. The plaintiff's water was also turned off (again, it is unclear by whom) on July 6, 2012, at 10:35 p.m., because the plaintiff had stuffed his toilet and sink full of trash. Id. According to the Jail log, his water was turned back on at 10:54 p.m. Id.

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

4

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. The Plaintiff's Motion for Summary Judgment

On June 29, 2016, the plaintiff filed a one-page motion for summary judgment. Dkt. No. 43. It lists three claims (illegal search, false imprisonment, and cruel and unusual punishment), and sets forth the following two facts:

> Fact 1 plaintiff was held in a cell w/o running water an[d] illegally searched an[d] was subjected to cruel an[d] unusual punis[h]ment citied [sic] in complaint. Compl. ECF No 13, pg 2
>
> Fact 2 plaintiff was held in a cell for 9 days ag[a]inst will as cited in plaintiff complaint. Compl. ECF No 13 pg, 3

Dkt. No. 43.

The plaintiff did not file a supporting brief, proposed findings of fact or any supporting materials, such as answers to interrogatories, admissions, declarations or affidavits, as required by Fed. R. Civ. P. 56 and Civil L. R. 56. On September 29, 2016, *three months* after he filed his motion, he filed a brief

5

in support of his motion and proposed findings of fact. Dkt. Nos. 61, 62. In addition to filing these documents late, the plaintiff did not sign them, as required by Fed. R. Civ. P. 11.

While the court does liberally construe a *pro se* plaintiff's pleadings, "*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." Jones v. Phipps, 39 f.3d 158, 163 (7th Cir. 1994). Both the court and the defendants provided the plaintiff with copies of the applicable civil procedure and local rules. See Dkt. Nos. 36, 46. Despite this, the plaintiff has failed to comply with the requirements of those rules. The plaintiff's failure to follow the rules of procedure for summary judgement leaves the defendants without an adequate opportunity to defend against his motion. The court will deny the plaintiff's motion for summary judgment. The court will consider his submissions as part of his response to the defendants' motion for summary judgment.

C. The Defendants' Motion for Summary Judgment

The defendants base their motion for summary judgment primarily on the argument that the named defendants were not personally involved in the alleged violations of the plaintiff's constitutional rights. For the reasons explained below, the court agrees, and will grant the defendants' motion for summary judgment.

To prevail on a claim under 42 U.S.C. §1983, a plaintiff must demonstrate, in part, that the defendant intentionally caused the alleged deprivation of the plaintiff's constitutional rights. See Donald v. Polk Cnty., 836

6

F.2d 376, 379 (7th Cir. 1988). In other words, the particular defendant must have caused or participated in the alleged violation. <u>Hildebrandt v. Illinois Dept. of Natural Resources</u>, 347 F.3d 1014, 1039 (7th Cir. 2003).

Here, the defendants all have submitted declarations describing what, if any, contact each of them had with the plaintiff during his incarceration. According to those declarations, none of the defendants were personally involved in deciding to (allegedly) improperly detain the plaintiff; none were involved in forcibly medicating the plaintiff without his knowledge or permission; and none were personally involved in allegedly subjecting him to unconstitutional conditions of confinement by turning off the water in his cell. <u>See</u> Dkt. Nos. 47 at 12-15; 45; 50; 52; and 53.

The plaintiff does not adequately rebut these assertions. In fact, the plaintiff filed documents that support the defendants' arguments that they were not personally involved in the alleged violations.

For example, with regard to the plaintiff's claim that he was improperly detained, the plaintiff filed a document that indicates that *Captain Howard* sent a verification request to the Chicago Police Department (the date on which he made the request is blacked out). Dkt. No. 62-1 at 1. This document indicates that the plaintiff was *not* arrested on local charges, and thus, by implication, was being held pursuant only to the outstanding Chicago warrant. <u>Id</u>. On June 28, 2012, the Chicago Police Department sent a notice to "H" explaining that, while there was an outstanding warrant, they would not extradite. <u>Id</u>. at 2. They stated, "Please do not hold subject for our department."

7

Id. A third document indicates that, on July 7, 2012, someone (the name is not legible) alerted *Lieutenants Rowe and Mullarky* that the plaintiff never went to intake and that, on June 28, 2012, the Chicago Police Department sent the previously described notice to the Milwaukee Police Department. Id. at 3. The document indicates that Rowe and Mullarky then approved the plaintiff's release. Id.

Similarly, in connection with his claim that he was forcibly injected with medication against his will, the plaintiff filed a Correctional Health Services Report completed by *Beverly Felten*, which indicates that the plaintiff "agreed to take a shot to quiet the voices." Id. at 4. The report goes on to state that a shot of Haldol was immediately ordered. Id.

Finally, to support his conditions of confinement claim, the plaintiff filed a meal log, which indicates that he consumed all but two meals from July 1, 2012, through July 5, 2012. Id. at 5. This document does not support the plaintiff's claim that *the defendants* denied him water. The defendants submitted jail logs that indicate the plaintiff's water supply in his cell was shut off (it is unclear by whom) twice during his stay at the Jail, and they have explained that the water was turned off for only brief periods of time to address concerns of flooding. Dkt. No. 54-1 at 6. More to the point, the defendants' declarations make clear that none of *them* made the decision to turn off the plaintiff's water, nor did the plaintiff complain to any of *them* about his need for water. The plaintiff does not adequately rebut their declarations.

8

Putting aside the question of whether the plaintiff's documents support his claims, one thing is clear: the documents support the defendants' assertions that *none of them* were personally involved in the alleged violations. Accordingly, the defendants are entitled to summary judgment.

That said, the court acknowledges, based on the documents filed by the plaintiff, that he may have a viable claim against *someone* (most clearly in connection with his allegations that he was improperly detained longer than he should have been). Even the defendants acknowledge that the plaintiff appears to have randomly picked names from the limited discovery provided to the plaintiff by the Office of Corporation Counsel for Milwaukee County. Dkt. No. 47 at 12. Given that the plaintiff is *pro se,* and given that he now has the benefit of additional discovery, the court will allow the plaintiff, if he so chooses, to file an amended complaint that names the defendants who were personally involved in the alleged violations of his constitutional rights. He must file an amended complaint on or before **February 10, 2017**. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss his lawsuit.

If the plaintiff decides to file an amended complaint, he must use the enclosed form, and it must bear the docket number assigned to this case and be labeled "Amended Complaint." The amended complaint takes the place of the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court

9

emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). If the plaintiff files an amended complaint, the court will screen it pursuant to 28 U.S.C. §1915A.

### III. CONCLUSION

The court **ORDERS** that the plaintiff's motion for summary judgment is **DENIED**. Dkt. No. 43.

The court further **ORDERS** that the defendants' motion for summary judgment is **GRANTED**. Dkt. No. 46.

The court also **ORDERS** that, if the plaintiff wants to file an amended complaint, he must do so on or before **February 10, 2017**. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss his lawsuit without further notice or hearing based on the plaintiff's failure to diligently pursue his claims. See Civil L.R. 41(c).

The clerk of court will mail the plaintiff a blank prisoner complaint form along with a copy of this order.

Dated in Milwaukee, Wisconsin this 29th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge